IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERVIE L. HANKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| UNITED STATES OF AMERICA, ) | 06 C 2759 (89 CR 532-1) |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Ervic L. Hankins, who has been released by the Bureau of Prisons, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and argues that the district court lacked jurisdiction to enhance his statutory term of supervised release. For the reasons provided below, the Court denies the petition.

## Facts

Ervic Hankins was convicted of conspiracy to possess cocaine with intent to distribute. Hankins did not appeal his sentence. Hankins has previously filed unsuccessful motions to vacate, set aside or modify his sentence pursuant to 28 U.S.C. § 2225. *See United States v. Hankins*, No. 95 C 3652, 1996 WL 667839, at *1 (N.D. Ill. Nov. 13, 1996). Hankins served his prison sentence, and on February 22, 2005, he was released from the Bureau of Prisons and began his eight-year term of supervised release. (Pet. Writ Habeas Corpus.) Hankins has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the imposition of an eight-year term of supervised release based on his repeat felony drug offender status pursuant to 21 U.S.C. §

841(b)(1)(B) was improper because his prior drug conviction in Wisconsin did not meet the definition of felony drug conviction as set forth under 4B1.2 of the United States Sentencing Guidelines. Accordingly, Hankins seeks to challenge the imposition of his sentence on the grounds that the district court lacked jurisdiction to enhance his statutory term of supervised release because the government failed to file a notice of statutory enhancement pursuant to 21 U.S.C. § 851.

## Discussion

"In general, federal prisoners who wish to attack the validity of their convictions and sentences are required to proceed under § 2255." *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001). "[I]n the overwhelming majority of cases § 2255 specifically prohibits prisoners from circumventing § 2255 and challenging their convictions or sentences through a habeas petition under § 2241." *Id.* Section 2255 "will not apply in a narrow class of cases," *i.e.*, if a petitioner "can show that the § 2255 remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'" *Id.* (quoting 28 U.S.C. § 2255). A petitioner does not meet the "inadequate or ineffective" criteria for filing a second section 2255 motion if he does not seek relief based on newly discovered evidence or a new rule of constitutional law. *Lewis v. Peterson*, 329 F.3d 934, 936 (7th Cir. 2003). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). If a petitioner fails to establish that section 2255 is inadequate or ineffective, the district court lacks

jurisdiction to entertain his habeas petition. *See Garza*, 253 F.3d at 921; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Accordingly, the Court must determine whether Hankins has shown that the section 2255 remedy is inadequate or ineffective to test the legality of his term of supervised release.[1] For if he can not make such a showing, the Court lacks jurisdiction to consider his petition.

In *In re Davenport*, the petitioner sought a writ of habeas corpus pursuant to section 2241 to avoid the bar on successive motions under section 2255. 147 F.3d at 607. The petitioner argued that his sentence was enhanced improperly based on his armed career criminal status. *Id.* at 609. The *Davenport* court held that the petitioner had "an unobstructed procedural shot at getting his sentence vacated" and his failure to raise the issue on direct appeal or in a previous section 2255 motion did not mean that section 2255 was an inadequate remedy. *Id.*

Likewise, Hankins argues that his sentence, which includes an eight-year term of supervised release, was improper based on an erroneous finding that he qualified as a repeat felony drug offender and the sentencing court's lack of jurisdiction due to the government's failure to file a notice of statutory enhancement. Hankins had a full opportunity to raise these issues on direct appeal and in any of his previously filed section 2255 motions. That he failed to do so does not mean that section 2255 is an

---

[1] Hankins has not presented any facts that would suggest that *Burris v. Parke*, 95 F.3d 465, 469 (7th Cir. 1996), is applicable in this case.

inadequate remedy. Hankins simply does not provide any valid reason why he could not have raised the issues previously. Accordingly, Hankins has not established that a section 2255 is inadequate or ineffective, and the Court lacks jurisdiction to consider his habeas petition under section 2241.

## CONCLUSION

For the foregoing reasons, the Court denies Hankins' petition for writ of habeas corpus for lack of jurisdiction. This case is hereby terminated.

SO ORDERED                    ENTERED: 7/31/07

HON. RONALD A. GUZMAN
United States Judge

4